Frank R. Sariol, Esq. (SB NO 140406)
frank@sariol.com
FRANK R. SARIOL, PC
1600 N. Broadway, Ste 650
Santa Ana, CA 92706
Telephone: (714) 361-8200

Patrick G. Dempsey (*pro hac vice*)
dempsey@hddlawfirm.com
Leon F. Hirzel (*pro hac vice* pending)
hirzel@hddlawfirm.com
HIRZEL DREYFUSS & DEMPSEY, PLLC
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone: (305) 615-1617

Attorneys for Defendants, Christine Alveari and Healthy Eats, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEKS FRANCHISE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE ALVEARI and<br>HEALTHY EATS, LLC,<br><br>Defendants. | Case No.: 2:20-CV-00379<br><br>Hon. Michael W. Fitzgerald<br><br>**DEFENDANTS CHRISTINE ALVEARI AND HEALTHY EATS, LLC'S EMERGENCY MOTION SEEKING: 1) CONSOLIDATION OF PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS; 2) PERMISSION TO CONDUCT DISCOVERY; AND 3) A BRIEFING SCHEDULE AND EXTENSION OF TIME TO FILE AN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION. FILED WITH DECLARATION OF PATRICK G. DEMPSEY, ESQ.**<br><br>Date:<br>Time:<br>Courtroom: 5A<br><br>Action Filed: January 14, 2020 |

Defendants, CHRISTINE ALVEARI ("Alveari") and HEALTHY EATS, LLC ("Healthy Eats") (collectively referred to as the "Defendants"), by and through their attorneys of record, hereby (i) move this Court, pursuant to FRCP 65(a)(2), for an order consolidating the hearing on Plaintiffs Motion for Preliminary Injunction with a trial on the merits; (ii) move this Court for an order continuing the March 16, 2020 hearing on the Motion for Preliminary Injunction so as to allow time for Defendants to conduct limited discovery; (iii) move this Court for an order granting Defendants an extension of time to file an Opposition to the Motion for Preliminary Injunction; and (iv) move this Court for a briefing order that is consistent with the foregoing request for an extension of time to conduct reasonable discovery in this matter.

This Motion is based on the papers and pleadings on file with this Honorable Court, the Declaration of counsel attached hereto, and any argument the Court may choose to entertain.

## INTRODUCTION

At issue in this litigation is whether a small business that has operated for over thirteen (13) years can be totally destroyed by a large franchisor via an incredibly swift Motion for Preliminary Junction. The Preliminary Injunction sought by Plaintiff against Defendants is legally invalid because, *inter alia*, (i) the covenants not to compete expired in 2019 and (ii) Plaintiff has no legitimate business interest to support the enforcement of any purported covenants not to compete.

Plaintiff contends that it the Court should step in and forcibly close the Defendants' small business even before Defendants have responded to the Complaint and well before being able to take reasonable discovery. Defendants should not be destroyed on an expedited basis, but should be permitted to take reasonable discovery and should be allowed to present facts and legal argument at a trial on the merits before any injunctive relief is granted. As a result, the March 16, 2020 hearing on the Motion for Preliminary Injunction should be postponed so as to allow for limited fact discovery and, following such discovery, the hearing on the preliminary injunction should be consolidated with a trial on the merits.

# MEMORANDUM OF POINTS AND AUTHORITY

## PROCEDURAL HISTORY

Plaintiff is franchisor of a franchise system wherein franchisees operate store locations that make and sell prepared juices and smoothies. *See* Robeks 2019 Franchise Disclosure Document. *Id.* The "Robeks" parent company opened the first Robeks locations in 1996. *Id.* In or around January 2002, Plaintiff began to market itself as a franchisor of the Robeks franchise system and began to sell franchises to the public. *Id.*

Plaintiff and Defendant Healthy Eats began their long-term relationship via a Franchise Agreement executed in December 2006. *See* [ECF 001] at 2. The written Franchise Agreement that memorialized said relationship lasted through August 2017, at which time the Franchise Agreement explicitly expired due to the mere passage of time. *Id.*

Plaintiff's Complaint correctly alleges that the Franchise Agreement expired in August 2017 due to the lapse of the ten (10) year duration of said agreement. See Complaint at ¶¶ 3, 33. Following the expiration of the Franchise Agreement in August 2017, a two-year non-compete provision was automatically triggered. *See* Exhibit "A" to the Complaint at 24 (which sets forth a two-year covenant not to compete that automatically commences upon the "expiration" of the Franchise Agreement); *see also* Exhibit "G" to the Complaint at 2 (a separate agreement that also sets forth a two-year covenant not to compete that automatically commences upon the "expiration" of the Franchise Agreement). As a result, any purported covenant not to compete began in August 2017 and ended in August 2019.

Plaintiff was fully aware of the fact that Defendants continued to operate their business in South Florida in 2017, 2018, and 2019. *See* Complaint at ¶ 33. However, Plaintiff intentionally and voluntarily elected to not enforce the covenants not to compete against the Defendants. Instead, Plaintiff continued to accept payments from Defendants and therefore fully ratified Defendants' continued operation of their business location over the next two years. Plaintiff's decision to not enforce the two-year covenant not to compete against Defendants was also likely influenced by the fact that Plaintiff has absolutely no legitimate business interest that would support the enforcement

3

of any such covenant. In fact, Plaintiff's current belated effort to enforce an expired restrictive covenant against Defendants appears to be solely based on Plaintiff's desire to punish Defendants.

At around the time that the two-year restrictive covenant lapsed in August 2019, Plaintiff began to aggressively push Defendants to execute a new franchise agreement that contained materially different terms compared to the original 2006 Franchise Agreement. When Defendants declined to sign a new franchise agreement, Plaintiff began to harass Defendants for purported "noncompliance" with the expired 2006 Franchise Agreement. Soon thereafter, Plaintiff sent a letter to Defendants indicating that the Plaintiff was "terminating" the expired 2006 Franchise Agreement. *See* October 18, 2019 Termination Letter, attached to the Complaint as Exhibit "C."

Following the purported "termination" of the expired Franchise Agreement, Plaintiff demanded that Defendants remove all references to Robeks from their business location. Defendants promptly complied with Plaintiff's request and quickly sought to "de-brand" their business away from the Robeks brand. Notwithstanding Defendants' prompt compliance with Plaintiff's request to "de-brand" Defendants' business location, Plaintiff sought to punish Defendants for their decision to not sign a new and materially different franchise agreement. As a result, Plaintiff threatened to sue Defendants and carried through said threat in February 2020.

On February 1, 2020, Defendants were served with ROBEKS FRANCHISE CORPORATION's ("Plaintiff") 38-page Complaint For Injunctive Relief (the "Complaint"). *See* [ECF 001]; *see also* [ECF 014].

On February 12, 2020, Plaintiff filed its *Ex Parte Application to Exceed Page Limit for Pl's Motion for Preliminary Injuction*, wherein Plaintiff requested leave to file a 31-page Motion for Preliminary Injunction.[1] *See* [ECF 016] and [ECF 017]. On February 13, 2020, the Court granted Plaintiff's *Ex Parte Application to Exceed Page Limit*. *See* [ECF 020].

Plaintiff and its counsel had months to research and prepare these documents. Because of the nature of Plaintiffs allegations and the incredibly prejudicial ramifications of the injunctive relief

---

[1] The Motion for Preliminary Injunction is actually 40 pages in length, but contains 31 pages of legal argument. *See* [ECF 017]. The Motion for Preliminary Injunction includes 4 Exhibits, covering an additional 156 pages of material. *Id.*

4

DEFENDANTS' EMERGENCY MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING

1  sought, the Court should have the benefit of a complete factual and legal record before rendering a
2  decision.

3  Therefore, Defendants request (i) that the preliminary injunction hearing be consolidated with
4  a trial on the merits; (ii) an opportunity to conduct reasonable fact discovery; and (iii) additional
5  time to prepare an Opposition to the Motion for Preliminary Injunction.  Because Defendants'
6  deadline to respond to the Motion for Preliminary Injunction is quickly approaching, Defendants
7  make their requests on an emergency basis.

## LEGAL ARGUMENT

### I.  The Preliminary Injunction Hearing Should Be Consolidated With A Trial On The Merits.

Injunction is an equitable relief and courts have broad discretion in considering equitable matters. Federal Rule of Civil Procedure 65(a)(2) specifically allows the court to "order the trial of the action on the merits to be advanced and consolidated with the hearing of the application." *See* FRCP 65(a)(2); *see also Walter v. Mattel, Inc.*, 31 F. Supp. 2d 751, 753 (C.D. Cal. 1998), aff'd, 210 F.3d 1108 (9th Cir. 2000) (consolidating motion for preliminary junction with a trial on the merits held on a later date).

For instance, courts may consolidate preliminary injunction hearings with a trial on the merits if the preliminary injunction sought would effectively decide the entire case. *See Aliya Medcare Fin., LLC v. Nickell*, CV1407806MMMSHX, 2014 WL 12526382, at *8 (C.D. Cal. Nov. 26, 2014) (citing *Boldon v. Humana Ins. Co.*, 466 F. Supp. 2d 1199, 1208 (D. Ariz. 2006).[2] Mandatory injunctions go well beyond simply maintaining the status quo and are particularly disfavored. *See Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011); *see also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). When

---

[2] The plaintiff in *Boldon* had a rare form of terminable liver cancer and sought an injunction requiring his insurer to provide medical benefits and coverage for prescribed medical treatment pursuant to ERISA. *Id.* at 1202-1203. Typically, the greater the relative hardship to the moving party, the less probability of success must be shown. *Id.* at 1207. However, the court ruled that a higher level of probability of success on the merits should be required because the injunction would effectively grant the ultimate relief sought. *Id.*

DEFENDANTS' EMERGENCY MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING

a mandatory injunction is requested, courts should deny relief unless the facts and law *clearly* favor the moving party. *Id.*

In the instant case, if a preliminary injunction were to be granted, it would effectively decide the entire case. Plaintiff is not merely requesting preservation of the status quo. Instead, Plaintiff's request is incredibly obtrusive and will result in the forced closure of a small business that has operated for over thirteen (13) years in South Florida. Plaintiff is requesting that this Court step in and force Defendants to close their small business, fire all of their staff, violate their lease agreement due to the closure, and obliterate Defendants' primary source of income.

As a result, a preliminary injunction will essentially provide Plaintiff with the ultimate relief it seeks in this litigation. Any "preliminary injunction" that seeks to shut down Defendants' small business is no different from a permanent injunction because of the irreversible damage to Defendants business location and good-will in the community. As in *Boldon*, this court should order a consolidation of the preliminary injunction hearing with a trial on the merits. The Court should not grant Plaintiff's request for an injunction, whether preliminary or permanent, until all the facts and law are clearly established. That can only occur through a trial on the merits and after the parties have had an opportunity to conduct reasonable discovery concerning the issues raised in the Complaint For Injunctive Relief.

II. **The Court Should Allow Discovery Before Deciding Whether To Grant An Injunction So That It Has The Benefit Of A Complete Factual Record.**

Courts can require consolidation of preliminary injunction hearings and a trial on the merits in order to obtain the benefit of a complete, developed record of facts and law. For example, in *U.S. S.E.C. v. Fitzgerald*, the court initially set a hearing on the plaintiff's motion for preliminary injunction but then decided that it needed a more complete factual record to reach a decision and ordered that the hearing be consolidated with a trial on the merits. *U.S. S.E.C. v. Fitzgerald*, 135 F. Supp. 2d 992, 1025 (N.D. Cal. 2001). This Court should likewise require a reasonably complete factual record before granting any form of injunctive relief.

The relief sought by Plaintiff against Defendants is serious; a complete destruction of Defendants' long-existing small business in South Florida. At this point in time, there is little admissible evidence to assist the Court in making a determination that will have severe and substantial ramifications on Defendants' small business and on the Defendants' livelihood. Defendants therefore request the opportunity to conduct limited and reasonable discovery in order to develop the factual record. At the very least, Defendants request an opportunity to depose Plaintiff's designated representative prior to any hearing on injunctive relief. Having this information before a hearing or trial will invariably conserve judicial time and resources, not to mention promoting judicial efficiency.

The limited factual topics that require discovery include, *inter alia*, the following:

1. Facts related to Plaintiff's knowledge of Defendants' continued operation of their business location during the two-year non-compete term following the expiration of the Franchise Agreement in August 2017;

2. Facts related to Plaintiff's voluntary acceptance and ratification of Defendants' continued operation of their business location during the two-year non-compete term following the expiration of the Franchise Agreement in August 2017;

3. Facts related to the benefits conferred by Defendants to Plaintiff during the aforementioned time period; and

4. Facts related to Plaintiff's lack of any legitimate business interest in enforcing the terms of any purported covenant not to compete.

Reasonable discovery concerning the foregoing topics will greatly assist the Court in rendering a decision on injunctive relief, whether at an evidentiary hearing or at a final trial on the merits.

### III. A Briefing Schedule Is Needed And Defendants Should Be Given An Extension Of Time To File An Opposition To Plaintiff's Motion For Preliminary Injunction.

Defendants request the Court's assistance in establishing a briefing schedule or scheduling order. As it stands now, Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction is due on March 2, 2020. Unless this Court grants Defendants an extension of time, Defendants will be forced to prepare an Opposition before they even have a chance to file an Answer to Plaintiff's Complaint. This matter requires significant briefing and, if the hearing is consolidated with a trial on the merits, Defendants should have the benefit of limited reasonable discovery.

If the injunction hearing is not consolidated with a trial on the merits, Defendants request an evidentiary hearing before any injunction is issued. Although Plaintiff has had months to research and prepare the Complaint and Motion, Defendants are essentially being forced to prepare its entire defense in a few weeks. It takes time to research, gather evidence, and write a meaningful brief on the complex issues presented. The Court, and the interests of justice, would best be served if the record before the Court were reasonably complete and the matter was fully briefed prior to any decision on injunctive relief.

Therefore, Defendants request a briefing schedule and an extension of time to file their Opposition to the Motion for Preliminary Injunction. If the Court decides to consolidate the preliminary injunction hearing with a trial on the merits, Defendants request the opportunity to present its Opposition in the form of a trial brief. Alternatively, if the Court decides not to consolidate these matters, Defendants request a sixty (60) day extension of time to prepare an Opposition so that it can have the opportunity to conduct limited discovery in advance of an evidentiary hearing.

### CONCLUSION

Because the relief sought by Plaintiff would effectively decide the entire case and entirely destroy Defendants' small business, the issues before the Court go far beyond "maintaining the status quo." Plaintiff is, in fact, seeking a mandatory injunction to force Defendants to fire their

employees, close their business, violate their lease, and destroy their good-will with the community at large. Even worse is the fact that Plaintiff is pursuing such devastating relief against the Defendants notwithstanding Plaintiff's complete lack of any legitimate business interest; Plaintiff is simply trying to wrongfully punish a small business for daring to disagree.

As a result, this Court should postpone the March 16, 2020 hearing on the Motion for Preliminary Injunction and consolidate the preliminary injunction hearing with a trial on the merits so that it has the benefit of a complete factual record before a decision is made. Additionally, the Court should grant Defendants an extension of time to file an Opposition to the Motion for Preliminary Injunction so as to permit reasonable discovery. Finally, the Court should enter a briefing order that is consistent with the foregoing request for an extension of time to conduct reasonable discovery in this matter.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that the undersigned counsel has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this Motion and was informed that Plaintiff opposes the relief sought herein.

DATED: February 27, 2020          HIRZEL DREYFUSS & DEMPSEY, PLLC

By: _____

Patrick G. Dempsey, Esq.

Counsel for Defendants

## DECLARATION OF PATRICK G. DEMPSEY

I, Patrick G. Dempsey, declare:

1. I am duly licensed to practice law in the State of Florida and was admitted *pro hac vice* by this Court on February 25, 2020.

2. I am currently practicing law with the law firm of Hirzel Dreyfuss & Dempsey PLLC, counsel for the Defendants, CHRISTINE ALVEARI and HEALTHY EATS, LLC'S . I have personal knowledge of the facts stated herein, except for those stated upon information and belief and, as to those, I believe them to be true.

3. I am competent to testify as to the facts stated herein and in a court of law and will so testify if called upon.

4. Plaintiff filed a Motion for Preliminary Injunction on February 12, 2020.

5. Defendants retained my law firm to represent them in this litigation on February 13, 2020.

6. Defendants' Opposition to the Motion for Preliminary Injunction is due on or before March 2, 2020.

7. If this Court grants Plaintiff's Motion for Preliminary Injunction, it would effectively decide the entire case.

8. However, there is currently no evidence before this Court that the covenants not to compete that Plaintiff seeks to enforce against Defendants are actually still in effect, as said covenants not to compete commenced in August 2017 and lapsed in August 2019.

9. Moreover, there is currently no evidence before this Court that Plaintiff has a legitimate business interest in seeking to enforce any purported covenants not to compete against Defendants, regardless of the untimely nature thereof.

10. Defendants therefore need to take limited discovery in advance of any hearing or trial on the merits concerning the following topics:

    a. Facts related to Plaintiff's knowledge of Defendants' continued operation of their business location during the two-year non-compete term following the expiration of the Franchise Agreement in August 2017;

    b. Facts related to Plaintiff's voluntary acceptance and ratification of Defendants' continued operation of their business location during the two-year non-compete term following the expiration of the Franchise Agreement in August 2017;

    c. Facts related to the benefits conferred by Defendants to Plaintiff during the aforementioned time period; and

    d. Facts related to Plaintiff's lack of any legitimate business interest in enforcing the terms of any purported covenant not to compete.

11. So that Defendants will know whether they must file an Opposition on March 2, 2020 without having had the ability to take discovery, Defendants request that the Court decide this Motion on an emergency basis.

I declare under penalty of perjury that the foregoing is true and correct and was executed on February 27, 2020 at Miami, Florida.

By: _____

Patrick G. Dempsey, Esq.