Frank R. Sariol, Esq. (SB NO 140406)
frank@sariol.com
FRANK R. SARIOL, PC
1600 N. Broadway, Ste 650
Santa Ana, CA 92706
Telephone: (714) 361-8200

Patrick G. Dempsey (*pro hac vice*)
dempsey@hddlawfirm.com
Leon F. Hirzel (*pro hac vice* pending)
hirzel@hddlawfirm.com
HIRZEL DREYFUSS & DEMPSEY, PLLC
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone: (305) 615-1617

Attorneys for Defendants, Christine Alveari
and Healthy Eats, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEKS FRANCHISE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTINE ALVEARI and HEALTHY EATS, LLC, <br><br> Defendants. | Case No.: 2:20-CV-00379 <br><br> Hon. Michael W. Fitzgerald <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** <br><br> Action Filed:   January 14, 2020 |

COMES NOW, Defendants HEALTHY EATS, LLC (the "Franchisee") and CHRISTINE ALVEARI ("Alveari") (collectively the "Defendants"), by and through undersigned counsel, and hereby file this Answer and Affirmative Defenses[1], in response to the Complaint (the "Complaint") filed by ROBEKS FRANCHISE CORPORATION (the "Plaintiff" or the "Franchisor") and hereby state as follows:

---

[1] Defendants have sought the dismissal of this action on grounds that the instant litigation should have been brought in the California Superior Court as opposed to the United States District Court Central District of California.  *See* [ECF 33]; *see also* [ECF 39].  In an abundance of caution, Defendants are filing this Answer and Affirmative Defenses, but Defendants do not hereby waive their rights to seek dismissal of this litigation for the reasons set forth in [ECF 33] and [ECF 39].

# ANSWER TO COMPLAINT

## INTRODUCTION

1) Denied.

2) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

3) Without knowledge and, therefore, denied.

4) Without knowledge and, therefore, denied.

5) The "September 17, 2019 Notice of Default" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written correspondence referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

6) The "October 18, 2019 Notice of Immediate Termination" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written correspondence referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

7) The "November 25, 2019 Final Notice" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written correspondence referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

8) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

## THE PARTIES

9) Without knowledge and, therefore, denied.

10) Admitted as to Alveari's residence and citizenship. As to the allegation concerning her purported status as a "guarantor," such an allegation states a legal conclusion for which no response is required.

11) Admitted.

## JURISDICTION, VENUE, AND APPLICABLE LAW

12) The allegations in Paragraph 12 of the Complaint are admitted for purposes of jurisdiction.

13) The allegations in Paragraph 13 of the Complaint are admitted for purposes of jurisdiction.

14) The allegations in Paragraph 14 of the Complaint are admitted for purposes of jurisdiction.

15) The written "Franchise Agreement" referenced in this allegation speaks for itself.

16) The written "Franchise Agreement" referenced in this allegation speaks for itself.

17) The written "Franchise Agreement" referenced in this allegation speaks for itself.

18) The written "Franchise Agreement" referenced in this allegation speaks for itself.

## NATURE OF THE ACTION

19) This allegation purports to state legal conclusions for which no response is required.

20) Denied.

21) Without knowledge and, therefore, denied.

## FACTUAL BACKGROUND

22) Without knowledge and, therefore, denied.

23) Without knowledge and, therefore, denied.

24) Without knowledge and, therefore, denied.

25) Without knowledge and, therefore, denied.

26) Without knowledge and, therefore, denied.

27) Admitted.

28) Admitted that Defendants executed the Confidentiality, Non-Disclosure and Non-Competition Agreement.

29) Admitted that Alveari executed the Personal Guaranty. All other allegations are denied.

30) Admitted that Defendants executed the Addendum dated December 30, 2006.

31) The written "Addendum" referenced in this allegation speaks for itself.

32) The written "Franchise Agreement" referenced in this allegation speaks for itself.

33) Admitted that the term of the Franchise Agreement ran through August 2017. As to the rest of the allegations, without knowledge and, therefore, denied.

34) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

35) This allegation purports to state legal conclusions for which no response is required.

36) Admitted as to the allegation that the Defendants did not sign a renewal franchise agreement. The other allegations are vague and therefore denied.

37) The written "Franchise Agreement" referenced in this allegation speaks for itself.

38) Admitted.

39) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

40) The written "Franchise Agreement" referenced in this allegation speaks for itself.

41) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

42) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

43) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

44) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

45) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

46) Without knowledge and, therefore, denied.

47) The written "Franchise Agreement" referenced in this allegation speaks for itself.  Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied.  Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

48) The written "Franchise Agreement" referenced in this allegation speaks for itself.  Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied.  Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

49) The written "Franchise Agreement" referenced in this allegation speaks for itself.  Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied.  Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

50) The written "Franchise Agreement" referenced in this allegation speaks for itself.  Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied.  Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

51) The written "Franchise Agreement" referenced in this allegation speaks for itself.  Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied.  Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

52) The written "Franchise Agreement" referenced in this allegation speaks for itself.  Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied.  Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

53) The written "Franchise Agreement" referenced in this allegation speaks for itself.  Any allegations that purport to interpret or characterize the written

Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

54) Admitted.

55) This allegation is vague and, as a result, denied.

56) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

57) Admitted.

58) This allegation is vague and, as a result, denied.

59) Without knowledge and, therefore, denied.

60) This allegation is vague and, as a result, denied.

61) This allegation is vague and, as a result, denied.

62) The written "September 17, 2019 Notice of Default" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

63) The written "September 17, 2019 Notice of Default" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

64) The written "September 17, 2019 Notice of Default" referenced in this allegation speaks for itself.

65) The written "September 17, 2019 Notice of Default" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

66) This allegation is vague and, as a result, denied.

67) The written "October 18, 2019 Notice of Immediate Termination" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

68) The written "October 18, 2019 Notice of Immediate Termination" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

69) The written "October 18, 2019 Notice of Immediate Termination" referenced in this allegation speaks for itself.

70) This allegation is vague and, as a result, denied.

71) The written "November 25, 2019 Final Notice" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

72) This allegation is vague and, as a result, denied.

73) Denied.

74) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 74, therefore, denied.

75) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 75, and are therefore, denied. To the extent this paragraph purports to state legal conclusion, no response is required, and to the extent a response is required, such allegations are denied.

76) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 76, and are therefore, denied.

77) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 77, and are therefore, denied.

78) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 78, and are therefore, denied.

79) This allegation is vague and, as a result, denied.

80) This allegation is vague and, as a result, denied.

81) Denied.

82) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 82, and are therefore, denied.

83) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 83, and are therefore, denied.

84) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 84, and are therefore, denied.

85) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 85, and are therefore, denied.

86) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 86, and are therefore, denied.

87) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 87, and are therefore, denied.

88) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 88, and are therefore, denied.

89) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 89, and are therefore, denied.

90) Without knowledge and, therefore, denied.

9
*DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES*
*Case No.: 2:20-CV-00379*

91) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 91, and are therefore, denied.

92) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 92, and are therefore, denied.

93) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

94) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 94, therefore, denied.

95) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

96) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

**DEFENDANTS' ANSWER TO PLAINTIFF'S CAUSES OF ACTION**

COUNT I – INJUNCTIVE RELIEF UNDER FLA. STAT. § 542.335

97) Defendants incorporate by reference each of the answers to the allegations contained in paragraphs numbered 1 through 96 as though fully set forth herein.

98) Defendants admit that Defendants and Plaintiff entered a Franchise Agreement but otherwise deny the allegations in Paragraph 98 and aver that the subject Franchise Agreement speaks for itself. Defendants oppose the relief sought in this paragraph.

99) Denied, as there is no specific time period alleged in this paragraph.

100) Denied, as there is no specific time period alleged in this paragraph. Further, the written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

101) Denied.

102) Denied.

103) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

104) Defendants have no knowledge as to the truth or falsity of the allegations in Paragraph 104, and are therefore, denied.

105) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

106) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

107) Without knowledge and, therefore, denied.

108) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

109) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied. Additionally, Defendants are without knowledge concerning any alleged damages and, as a result, such allegations are denied.

<u>COUNT II - INFRINGEMENT OF FEDERAL REGISTERED MARKS (15 U.S.C. § 1114(1))</u>

110) Defendants incorporate by reference each of the answers to the allegations contained in paragraphs numbered 1 through 96 as though fully set forth herein.

111) Without knowledge and, therefore, denied.

112) Without knowledge and, therefore, denied.

113) Denied.

114) Denied.

115) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

116) Denied.

117) Without knowledge and, therefore, denied.

*DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES*
*Case No.: 2:20-CV-00379*

118) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

119) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied. Additionally, Defendants are without knowledge concerning any alleged damages and, as a result, such allegations are denied.

## COUNT III – FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))

120) Defendants incorporate by reference each of the answers to the allegations contained in paragraphs numbered 1 through 96 as though fully set forth herein.

121) Denied.

122) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

123) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied. Additionally, Defendants are without knowledge concerning any alleged damages and, as a result, such allegations are denied.

124) Without knowledge and, therefore, denied.

125) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

126) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied. Additionally, Defendants are without knowledge concerning any alleged damages and, as a result, such allegations are denied.

## COUNT IV - BREACH OF CONTRACT
## FRANCHISE AGREEMENT

127) Defendants incorporate by reference each of the answers to the allegations contained in paragraphs numbered 1 through 96 as though fully set forth herein.

128) Admitted.

129) Without knowledge and, therefore, denied.

130) The written "Franchise Agreement" referenced in this allegation speaks for itself.  Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied.  Any allegations that purport to state a legal conclusion but do not require a response are otherwise denied.

131) Admitted that Alveari executed the Personal Guaranty.

132) Denied.

133) Denied, as there is no specific time period alleged in this paragraph.

134) Without knowledge and, therefore, denied.

135) Without knowledge and, therefore, denied.

COUNT V – BREACH OF CONTRACT

PERSONAL GUARANTY (AGAINST DEFENDANT ALVEARI ONLY)

136) Defendants incorporate by reference each of the answers to the allegations contained in paragraphs numbered 1 through 96 as though fully set forth herein.

137) Admitted.

138) Denied.

139) The written "Personal Guaranty" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

140) Denied.

141) Without knowledge and, therefore, denied.

COUNT VI – BREACH OF CONTRACT

CONFIDENTIALITY AND NON-COMPETE AGREEMENT

142) Defendants incorporate by reference each of the answers to the allegations contained in paragraphs numbered 1 through 96 as though fully set forth herein.

143) Admitted.

144) The written "Confidentiality and Non-Compete Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

145) The written "Confidentiality and Non-Compete Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

146) The written "Confidentiality and Non-Compete Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

147) Without knowledge and, therefore, denied.

148) Denied.

149) Denied.

150) Denied.

151) Denied.

152) Without knowledge and, therefore, denied.

153) Without knowledge and, therefore, denied.

154) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

## COUNT VII – DECLARATORY JUDGMENT

155) Defendants incorporate by reference each of the answers to the allegations contained in paragraphs numbered 1 through 96 as though fully set forth herein.

156) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

157) The written "Franchise Agreement" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

158) Denied.

159) The written "September 17, 2019 Notice of Default" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

160) The written "October 18, 2019 Notice of Immediate Termination" referenced in this allegation speaks for itself. Any allegations that purport to interpret or characterize the written Agreement referenced in this allegation are denied. Any allegations that purport to state a legal conclusion do not require a response but are otherwise denied.

161) Without knowledge and, therefore, denied.

162) This paragraph purports to state legal conclusion for which no response is required. To the extent a response is required, such allegations are denied.

## DENIAL OF PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief. To the extent any allegation or request for relief has not been admitted above, Defendants deny any such allegations or prayers for relief. Defendants explicitly reserve all rights to seek a dismissal of this litigation on

grounds that, *inter alia*, this action has been brought in the wrong Court pursuant to the terms of the relevant agreements. The extent provided by the relevant agreements and by applicable law, Defendants intend to seek to recover their attorneys' fees and costs as a prevailing party.

## DEFENDANTS' AFFIRMATIVE DEFENSES

**1.     First Affirmative Defense**

The Complaint fails to state a cause of action upon which relief can be granted with respect to Count I.

**2.     Second Affirmative Defense**

The Complaint fails to state a cause of action upon which relief can be granted with respect to Count II.

**3.     Third Affirmative Defense**

The Complaint fails to state a cause of action upon which relief can be granted with respect to Count III.

**4.     Fourth Affirmative Defense**

The Complaint fails to state a cause of action upon which relief can be granted with respect to Count IV.

**5.     Fifth Affirmative Defense**

The Complaint fails to state a cause of action upon which relief can be granted with respect to Count V.

**6.     Sixth Affirmative Defense**

The Complaint fails to state a cause of action upon which relief can be granted with respect to Count VI.

**7.     Seventh Affirmative Defense**

The Complaint fails to state a cause of action upon which relief can be granted with respect to Count VII.

8. **Eighth Affirmative Defense**

Plaintiff's claims should be barred by the doctrine of waiver.

9. **Ninth Affirmative Defense**

Plaintiff's claims should be barred by the doctrine of estoppel.

10. **Tenth Affirmative Defense**

Plaintiff's claims should be barred by the doctrine of unclean hands.

11. **Eleventh Affirmative Defense**

Plaintiff's damages, if any exist, should be offset (or subject to recoupment) by any payments made to Plaintiff by any party and/or third-party responsible for such alleged damages.

12. **Twelfth Affirmative Defense**

To the extent Plaintiff has actually suffered any damages, Plaintiff failed to take reasonable steps to mitigate its alleged damages.

13. **Thirteenth Affirmative Defense**

Plaintiff's equitable causes of action are barred to the extent there is a written agreement relating to such causes of action that bar equitable claims.

14. **Fourteenth Affirmative Defense**

Plaintiff is barred from recovery insofar as Defendants acted at all times in good faith.

15. **Fifteenth Affirmative Defense**

Plaintiff failed to perform conditions precedent under the Franchise Agreement insofar as it failed to act in good faith.

16. **Sixteenth Affirmative Defense**

Plaintiff is barred from enforcing any of the termination provisions in the Franchise Agreement insofar as its termination of the Agreement was improper.

17. **Seventeenth Affirmative Defense**

Plaintiff is barred from enforcing the non-compete provisions because it lacks a legitimate business interest in enforcing same.

18. **Eighteenth Affirmative Defense**

Plaintiff is barred from recovery insofar as Defendants acted at all times in good faith.

19. **Nineteenth Affirmative Defense**

Plaintiff's causes of action seeking to enforce a non-compete agreement are barred due to Plaintiff's lack of a legally sufficient legitimate business interest.

20. **Twentieth Affirmative Defense**

Plaintiff's causes of action are barred by the statute of limitations.

21. **Twenty-First Affirmative Defense**

Plaintiff's causes of action are barred by the doctrine of latches.

22. **Twenty-Second Affirmative Defense**

Plaintiff's causes of action, other than causes of action that merely seek injunctive relief, are barred due to Plaintiff's failure to comply with the conditions-precedent concerning alternative dispute resolution (mediation and/or arbitration). Defendants expressly contest the validity of Plaintiff's failure to comply with such alternative dispute resolution provisions and do not waive their rights with respect to said alternative dispute resolution provisions.

23. **Twenty-Third Affirmative Defense**

Plaintiff's causes of action are barred due to Plaintiff's failure to bring the present litigation in the California State Superior Court that is closest to Plaintiff's headquarters, as is required by the terms of the relevant agreements.

24. **Twenty-Fourth Affirmative Defense**

Defendants expressly reserves all affirmative defenses, rights, and remedies at law and in equity as well as the right to amend this Answer and Affirmative Defenses

as necessary and appropriate, including and not limited to, add any additional affirmative defenses which may be discovered during the course of the proceeding.

DATED: March 17, 2020          HIRZEL DREYFUSS & DEMPSEY, PLLC

By:  /s/  Patrick Dempsey
Patrick G. Dempsey (*pro hac vice*)
dempsey@hddlawfirm.com
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Tel: (305) 615-1617
*Counsel for Defendants*